UNITED STATES of America, Plaintiff–Appellee,

v.

Jose J. FERNANDEZ–REYES, Defendant–Appellant.

No. 04–2404.

United States Court of Appeals, Seventh Circuit.

May 19, 2006.

Thomas W. Szromba, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Andrew J. McGowan, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, and Hon. MICHAEL S. KANNE, Circuit Judges.

### ORDER

Jose Fernandez–Reyes pleaded guilty to reentering the United States without permission of the Attorney General after being deported to Mexico following a conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to 80 months' imprisonment and three years' supervised release. Thereafter, we ordered a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005), so that the district court could tell us whether it would have imposed the same sentence knowing that

the sentencing guidelines were only advisory.

After reviewing the appropriate considerations under 18 U.S.C. § 3553(a), the district court has responded that it would not have sentenced Fernandez–Reyes differently. Fernandez–Reyes did not respond to our invitation to file arguments concerning the appropriate disposition of the appeal in light of the district court's decision. The government did respond, however, and asks that we affirm.

Fernandez–Reyes's sentence of 80 months' imprisonment is within the guidelines range of 77 to 96 months. It is therefore presumptively reasonable, *United-* *ed States v. Spano*, 447 F.3d 517, 519 (7th Cir.2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005), and Fernandez–Reyes has not even attempted to rebut the presumption. Moreover, the district court thoroughly explained why the sentencing purposes of restraint and deterrence make a sentence within the guidelines range appropriate. The sentence is AFFIRMED.